IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEVIN BRANDIS PUGH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:24-cv-798-ECM ) |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

On May 22, 2025, the Magistrate Judge entered a Recommendation that this case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because the Plaintiff lacks standing to bring his claims. (Doc. 15). The Plaintiff timely filed objections to the Recommendation. (Doc. 18).[1] After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiff's objections, the Court concludes that the Plaintiff's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and this case is due to be dismissed without prejudice.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject,

---

[1] On June 13, 2025, the Plaintiff filed supplemental, untimely objections without leave of Court. (Doc. 20). Because the objections are untimely, the Court need not consider them. Even if the Court did consider the supplemental objections, they are due to be overruled. His objections consist of the following statement: "I am writin this to file object to any and all cases that require object under my name that are pending." (Doc. 20) (errors in original). This general objection is insufficient to show any error in the Recommendation.

or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error.

      The Plaintiff's objections amount to little more than restatements of the allegations in his complaint. While he does assert that he has submitted reports to the DOJ which allegedly have not been properly reviewed or investigated—an allegation that does not appear in his complaint—this assertion does not establish any error in the Magistrate Judge's conclusion that the Plaintiff lacks standing to challenge a law enforcement agency's decision to investigate or not investigate a claim. (Doc. 15 at 4) (citing *Garcia v. Miami Beach Police Dep't*, 336 F. App'x 858, 859 (11th Cir. 2009) (per curiam)). After careful review, the Court finds that the Plaintiff's objections are due to be overruled.

      Accordingly, upon an independent review of the record, and for good cause, it is

      ORDERED as follows:

1.      The Plaintiff's objections (docs. 18, 20) are OVERRULED;

2.      The Recommendation of the Magistrate Judge (doc. 15) is ADOPTED;

    3.    This case is DISMISSED without prejudice;

    4.    All pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

A separate Final Judgment will be entered.

DONE this 26th day of June, 2025.

                      /s/ Emily C. Marks
                      EMILY C. MARKS
                      CHIEF UNITED STATES DISTRICT JUDGE